IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Rudolph G. Tulloch,<br><br>     Plaintiff,<br><br>  vs.<br><br>Para Chem,<br><br>     Defendant. | Civil Action No. 6:05-3032-HFF-BHH<br><br>**<u>ORDER AND REPORT OF MAGISTRATE JUDGE</u>** |

  The plaintiff is proceeding *pro se* and seeks relief against the defendant for alleged racial discrimination. This matter is before the Court on a letter submitted by the plaintiff, which the Court will consider as a motion for voluntary dismissal, and a motion to stay the Scheduling Order, filed by the defendant.

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

  The plaintiff brought this action on November 1, 2005. On March 13, 2006, the plaintiff filed the present motion in the form of a letter requesting to "cancel" his suit against the defendant for insufficient funds and resources. The defendant responded to that request, on March 20, 2006, and subsequently filed a motion to stay scheduling order deadlines on June 23, 2006.

**LAW AND ANAYLSIS**

Although not styled as such, the plaintiff's letter is rightly analyzed as a motion for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2).  In deciding a Rule 41(a) motion, a court should consider factors such as:  (1) the opposing party's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the movant, (3) insufficient explanation of the need for a voluntary dismissal, and (4) the present stage of litigation.  *Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 539 (4th Cir. 2004) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.1996)).  Upon consideration, these factors weigh in favor of granting the plaintiff's request to dismiss his Complaint.

The case is not far advanced and the defendant does not appear, nor does it contend, to have incurred substantial expense.  While it is true that the plaintiff has not been diligent in making required disclosures either to the Court or the defendant, that factor alone does not justify a denial of the plaintiff's request.  Nor does it warrant, as the defendant contends, dismissal *with* prejudice, under the circumstances.  The plaintiff has likely been delinquent in this regard for precisely the same reasons he now feels compelled to withdraw his Complaint.  The plaintiff acted with relative diligence in seeking dismissal less than 5 months after the filing of his Complaint and the Court will not prejudice his ability to seek recourse, to the extent any is due, going forward.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the plaintiff's Motion for Voluntary Dismissal [No. 17] be GRANTED and his claims dismissed *without prejudice*. Accordingly, the defendant's outstanding motion for stay of the Scheduling Order is MOOTED.

IT IS SO ORDERED AND RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

June 29, 2006
Greenville, South Carolina